IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL TYRONE PARKER,

    Petitioner,

v.                                         CASE NO. 5:14cv88-RH/CJK

JULIE L. JONES,

    Respondent.

_____/

**ORDER DENYING THE PETITION AND**
**DENYING A CERTIFICATE OF APPEALABILITY**

    This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 52, and the objections, ECF No. 53. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with these additional notes.

    First, the result would be the same even if a federal court was required to "look through" an unexplained state appellate decision to the reasoning of a lower court that explained its decision—that is, even if the dissenters, rather than the

majority, had prevailed in *Wilson v. Warden, Georgia Diagnostic Prison*, 834 F.3d 1227 (11th Cir. 2016) (en banc).

Second, the result would be the same even if the petitioner had not procedurally defaulted—that is, even if this court could properly reach on the merits—the issue of whether officers properly entered the petitioner's motel room. The record shows that the entry was proper. And even more clearly, the state courts' rejection of the petitioner's claims related to the entry was not contrary to or an unreasonable application of clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d)(1)-(2).

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a

>    demonstration that, under *Barefoot*, includes showing that
>    reasonable jurists could debate whether (or, for that matter, agree
>    that) the petition should have been resolved in a different manner
>    or that the issues presented were " 'adequate to deserve
>    encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability. Because the petitioner has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that the petitioner is not otherwise entitled to proceed on appeal *in forma pauperis*. But for the requirement to obtain a certificate of appealability, leave to proceed on appeal *in forma pauperis* would be granted.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

Case No.   5:14cv88-RH/CJK

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on December 26, 2016.

s/Robert L. Hinkle  
United States District Judge